UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRUCE G. CORNELIUS, JR.,

                    Plaintiff,

          v.                                              Case No. 24-cv-499-pp

SHAWANO COUNTY JAIL, *et al.*,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT
UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

Plaintiff Bruce G. Cornelius, Jr., who previously was incarcerated at the

Shawano County Jail[1] and is representing himself, filed a complaint under 42

U.S.C. §1983. This decision resolves the plaintiff's motion for leave to proceed

without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no.

1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
         (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the

plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

---

[1] The plaintiff was incarcerated at the Shawano County Jail when he filed the
complaint. Dkt. No. 1 at 2. It appears that he still was there as of April 23,
2024. See Dkt. No. 10. However, court staff recently learned in another one of
the plaintiff's cases—Cornelius v. Wisconsin, Case No. 24-cv-516-pp—that the
plaintiff has been released from the jail. The plaintiff has not updated his
address. Court staff checked CCAP (the Wisconsin Courts' Consolidated Court
Automation Programs system) and located an address for the plaintiff of W495
Manders Court, DePere, Wisconsin 54115. Id., Dkt. No. 12. The court has
updated the plaintiff's address on the docket.

1

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 29, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $72. Dkt. No. 5. The court received part of that fee on June 11, 2024 and the remainder on June 14, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that on March 7, 2024, while confined at the Shawano County Jail, defendants Sergeant Emily Ortner and Officer Paul Bowman "allowed [him] out of [his] cell for video court in G-Pod Maximum Security even though [he] was Medium Security, not on DS." Dkt. No. 1 at 3.

Aaron Weso, a "Maximum Security Inmate" who "is known to be dangerous," had put a "cap" in his door which kept the cell door from locking. Id. Weso allegedly ran out of his cell and repeatedly punched the plaintiff. Id. The plaintiff states that he fell over and Weso kept punching him until he got tired. Id. The plaintiff allegedly got up off the ground and put his hands up to protect himself. Id. He states that when he heard someone yell stop, he went to the ground. Id.

Defendants Bowman and Ortner allegedly had screens in front of them and "[t]hese screens open/close door and show if cell doors are open." Id. The plaintiff states that letting him out of his cell without properly checking whether all cell doors were locked put him in danger and caused physical harm. Id.

The plaintiff seeks compensatory and punitive damages. Id. at 11. He also states that "[n]ew Inmates should not be Quarantined in Maximum Security, with Maximum security Inmates, that are known to be dangerous." Id.

C.    Analysis

The plaintiff has named the Shawano County Jail as a defendant, but he cannot sue the jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Shawano County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a *municipality*—which is not a person—under §1983. See Monell v. Dep't of

4

Social Serv's of City of New York, 436 U.S. 658 (1978). But Fed. R. Civ. P. 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Shawano County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail.

The court assumes that the plaintiff was a pretrial detainee when he was confined at the jail on March 7, 2024. "Pretrial detainees have a right to be free from physical harm inflicted by others in the institution." Davis v. Rook, 107 F.4th 777, 780 (7th Cir. 2024) (citing Kemp v. Fulton County, 27 F.4th 491, 494-95 (7th Cir. 2022)). This right comes from the Fourteenth Amendment's Due Process Clause, which prohibits any punishment meted out "prior to an adjudication of guilt in accordance with due process of law." Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

To state a failure-to-protect claim under the Fourteenth Amendment, the plaintiff must allege that

(1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the

5

> plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

Echols v. Johnson, 105 F.4th 973, 978 (7th Cir. 2024) (quoting Thomas v. Dart, 39 F.4th 835, 841 (7th Cir. 2022)). To establish a claim, "[t]he detainee must prove only that a reasonable officer under the circumstances would have appreciated the risk of harm to the detainee, and, from there, that the defendant acted in an objectively unreasonable way in addressing that risk." Davis, 107 F.4th at 780 (citing Echols, 105 F.4th at 974-75).

The plaintiff's allegations against defendants Ortner and Bowman do not meet this standard. While the plaintiff states that Weso was "known to be dangerous," the court cannot infer from this statement that Ortner and Bowman were on notice that Weso posed a serious risk of harm to the plaintiff. See Thomas, 39 F.4th at 841-42. "The unfortunate reality is that jails and prisons are dangerous places inhabited by dangerous people." Id. at 842 (citing Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008)). The plaintiff cannot assert an appreciable risk of harm based only on being housed in the jail's general population with maximum-security incarcerated individuals because the "general risks of violence in prison" confront virtually every detainee. Id. at 843 (citing Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).

The plaintiff alleges that Ortner and Bowman had a screen that showed if cell doors were open and that "[l]etting [the plaintiff] out of [his] cell without

properly checking all inmates' cell doors to be locked put [him] in danger and physical harm." Dkt. No. 1 at 3. Ortner and Bowman allegedly opened the plaintiff's cell door without first checking that the cell doors on the unit were closed. Weso had placed a cap in his cell door, and he emerged from his cell and attacked the plaintiff. These allegations do not amount to a constitutional violation because the plaintiff has not alleged that he had been exposed to serious risk of harm when Ortner and Bowman allowed him out of his cell; he has not alleged that they knew that Weso had tampered with his cell door or had reason to believe that he would unexpectedly exit his cell and attack the plaintiff. See Echols, 105 F.4th at 979 (citing Thomas, 39 F.4th at 842) (framing the question as whether the officers acted "responsibly under the circumstances that confront[ed] them," not whether they anticipated "every potential danger facing [the] detainee" (internal quotation marks omitted); see also Davis, 107 F.4th at 780-81 ("To demonstrate that a reasonable officer in the defendant's shoes would have 'put the puzzle pieces together' about the risk of harm, the detainee must show that the defendant actually received 'all the information about a potential health or safety risk.'").

Although the plaintiff may have a state law negligence claim against Ortner and Bowman, negligence does not amount to a constitutional violation. Thomas, at 841-42 (citing Westmoreland v. Butler County, 29 F.4th 721, 730 (6th Cir. 2022) ("A pretrial detainee need not prove subjective elements about an officer's actual awareness of the level of risk, but he must prove that officer was more than merely negligent; the officer must have acted with reckless

disregard in the face of any unjustifiably high risk of harm.")). The defendants were not on "notice of a substantial risk" to the plaintiff's safety. Thomas, 39 F.4th at 841-42. The plaintiff has not stated a Fourteenth Amendment claim against Ortner and Bowman.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scourts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding his claim, so the court finds that further amendment would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the $278 balance of the filing fee to the Clerk of Court.

The court will email a copy of this order to DLSFedOrdersEastCL@ doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court

9

cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 11th day of October, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**