UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRUCE G. CORNELIUS, JR.,

        Plaintiff,

v.

SHAWANO COUNTY JAIL, *et al.*,

        Defendants.

Case No. 24-cv-499-pp
Appeal No. 25-1860-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 23) AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 25)**

---

On October 11, 2024, the court issued an order dismissing this case. Dkt. No. 12. Judgment was entered the same day. Dkt. No. 13. On May 19, 2025, the plaintiff filed a notice of appeal. Dkt. No. 16. On June 4, 2025, the court denied the plaintiff's May 8 and 13, 2025 motions for extension of time to appeal (Dkt. Nos. 14, 15)[1]. Dkt. No. 22. On June 5, 2025, the plaintiff filed a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 23, and a motion to appoint counsel, dkt. no. 25. This order grants the plaintiff's motion to proceed without prepaying the filing fee and denies as moot his motion to appoint counsel.

---

[1] The court's June 4, 2025, order also denied as moot the plaintiff's motion to appoint counsel that he filed the same day he filed his notice of appeal. Dkt. No. 22.

1

Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). The appellate filing fee in the Seventh Circuit is $605. If the incarcerated person does not have the money to pay the $605 filing fee in advance for an appeal, he can request the court for permission to proceed without prepayment. For the court to consider such a request, the incarcerated person must complete a petition and affidavit and return it to the court, along with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the incarcerated person pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the person (the institution in which he is incarcerated) will collect the money and send payments to the court.

There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, he has filed the appeal in bad faith or he has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). Here, the court finds that the plaintiff has established he is indigent and that he has not accrued three

2

strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If the district court allowed a party to proceed without prepaying the filing fee in the district court, he may, without further authorization, proceed on appeal without prepaying the filing fee unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Although the court previously denied the plaintiff's motions for extension of time to file an appeal and to reopen the time to file an appeal under Federal Rules of Appellate Procedure 4(a)(5) and (6), the untimeliness of the plaintiff's

3

notice of appeal does not prevent the court from addressing his motion for leave to appeal without prepaying the filing fee. See Weyker v. Eplett, Case No. 13-CV-1115, 2023 WL 5804646, at *2 (E.D. Wis. Sept. 7, 2023) ("[D]istrict courts do not have the authority to deny a defendant's request for leave to proceed in forma pauperis on the ground that the appeal is untimely. That authority rests solely with the court of appeals.") (quoting United States v. Fisher, No. 06-cr-56, 2012 U.S. Dist. LEXIS 145186, *3 (W.D. Wis. Oct. 9, 2012)); see also Sperow v. Melvin, 153 F.3d 780 (7th Cir. 1998).

The court sees no indication that the plaintiff did not take this appeal in good faith. The court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of **$63.15**, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

If the plaintiff does not have enough money in his regular trust account to pay the initial partial fee but does have enough money in his release account, the *plaintiff is responsible* for making arrangements with the authorities at the jail or prison to pay the balance of the initial partial filing fee from the release account. 28 U.S.C. §1915(b)(1) suggests, however, that an

4

incarcerated person may use release account funds to pay an initial partial filing fee only if he does not have enough money in his regular trust account. See Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

The plaintiff has also filed a motion to appoint counsel in which he states that his imprisonment will greatly limit his ability to litigate, and he needs a lawyer to represent him at trial. Dkt. No. 25. However, as the court previously told the plaintiff, this case is closed. The court will again deny as moot his motion to appoint counsel. The court reminds the plaintiff that if wants a court to appoint him a lawyer to assist him with his appeal, he must file a motion with the court of appeals.

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 23.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 25.

The court **ORDERS** that by the end of the day on **July 21, 2025**, the plaintiff must forward to the Clerk of Court the sum of **$63.15** as the initial partial filing fee for this appeal. If the clerk does not *receive* that amount by the end of the day on July 21, 2025, the court of appeals may dismiss the appeal. The plaintiff must identify the payment by the case name and the district court and appellate case numbers.

The court will send a copy of this order to the Shawano County Sheriff, who oversees the Shawano County Jail where plaintiff is confined; the court

5

also will provide a copy of the order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic filing system.

The court **ORDERS** that after the plaintiff has paid the initial filing fee, the agency having custody of the plaintiff must collect from his institution trust account the $541.85 balance of the appeal fee by collecting monthly payments from the plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and appellate case number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

Dated in Milwaukee, Wisconsin this 20th day of June, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**